IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN Re<br><br>Evelyn M. Moshi, | ) Case No. 11-15798<br>)<br>) Chapter 13<br>) Hon. Judge Jack Schmetterer |
| Evelyn M. Moshi,<br>    Plaintiff,<br><br>Vs.<br><br>Specialized Loan Servicing, LLC, as an<br>assignee of American Mortgage Network, Inc.<br>    Defendant | ) Adversary No. 11-00986 |

## FINDINGS OF FACT
## AND CONCLUSION OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Specialized Loan Servicing, LLC, as an assignee of American Mortgage Network, Inc, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiff is individual residing at 7922 Karlov, Skokie, IL 60076

2. Specialized Loan Servicing, LLC, and or American Mortgage Network, Inc is lender and/or servicer of mortgage.

3. Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code on April 13, 2011 in the Northern District of Illinois, case number 11-15798.

4. This adversary proceeding arises under Sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C §§ 151, 157, and

1334 and this is a core proceeding under 28 U.S.C § 157.

6. Plaintiff is the owner of real estate located at 7922 Karlov, Skokie, IL 60076 described as follows:

LOT 13 IN P. C. NEDLI'S OAKTON-KARLOV SUBDIVISION OF THE EAST 1/2 OF THE EAST ½ OF THE WEST 1/2 OF THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 27, TOWNSHIP 41 NORTH. RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN COOK COUNTY. ILLINOIS

PIN Number 10-27-205-031-0000

7. The fair market value of the real estate is $285,000 pursuant to the original adversary complaint.

8. A first mortgage lien is currently held by Midland Mortgage in the amount of

9. $427,238.00 pursuant to the originally filed adversary complaint.

10. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

11. The amount owed on the first mortgage, $427,238, exceeds the value of the above real estate, $285,000.00

12. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. *See, Holloway v. U.S.*, 2001 WL 1249083 (N.D. Ill. Oct. 16, 2001); *In re Waters*, 276 B.R. 879 (N.D. III 2002); *In re Pond*, 2S2 F. 3d 122 (2nd Cir. 2001); *In re McDonald*, 20S F. 3d 606 (3,d Cir. 2000); *In re Bartee*, 212 F. 3d 277 (8th Cir. 2000); *In re Lane*, 280 F.3d 663 (6th Cir. 2002); *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002); *In re Tannter*,

217 F.3d 13S7 (11 th Cir. 2000).

Date: 7/1/11

ENTER:

_____

Judge Jack Schmetterer
**UNITED STATES BANKRUPTCY JUDGE**

O. Allan Fridman
555 Skokie, Blvd., Suite 500
Northbrook, IL 60062
tel: 847-412-0788
Attorney Code: 6274954